511 A.2d 1105

**Sylvester Felix STACKOWITZ**

v.

**STATE of Maryland.**

**No. 1557, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

July 14, 1986.

Certiorari Denied Nov. 5, 1986.

Michael R. Malloy, Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), Baltimore, for appellant.

Ann E. Singleton, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Baltimore, Warren B. Duckett, Jr., State's Atty. for Anne Arundel County and Phillip Caroom, Asst. State's Atty., for Anne Arundel County, on brief, Annapolis), for appellee.

Submitted before MOYLAN, WILNER, and KARWACKI, JJ.

WILNER, Judge.

Considering the vast number of criminal cases that originate through a Statement of Charges in the District Court [1] and the fact that, in most instances, the Statement of Charges is prepared by a person who is not a lawyer,[2] it is not surprising that, occasionally, one will find a Statement of Charges framed with less than the desired legal precision. In most instances, we suspect, this is not a significant problem. If the imprecision or deficiency does not go to the heart of the offense, it may be corrected by simply amending the Statement of Charges. Md. Rule 4–204. If the deficiency is of such substance as to preclude correction by amendment and the prosecutor is diligent enough to spot the error in time, he may be able to dismiss the improper charge and file a new, proper, charge.

---

**1.** According to the 1984–85 Annual Report of the Maryland Judiciary, in FY 1985, 129,654 criminal cases were "processed" by the District Court. That figure does not include motor vehicle cases. *See* Chart DC–1, Appx. A–54. Whether it includes any part of the 25,213 cases originating in the District Court but transferred to the Circuit Court by reason of requests for jury trial is not clear. *See id.,* Table CC–8, Appx. A–36.

**2.** For a discussion of the charging process, see *State v. Smith,* 305 Md. 489, 505 A.2d 511 (1986). District Court Commissioners, who must approve and who often prepare Statements of Charges, need not be lawyers. Md.Code Ann.Cts. & Jud.Proc. art., § 2–607(b).

Here, we have one of those hopefully rare cases that simply fell between the cracks.

On April 23, 1984, Anne Arundel County Detective Bernard Bente applied to a District Court Commissioner for a Statement of Charges against appellant. In his application, Detective Bente averred (1) that on February 28, 1984, appellant siphoned 350 gallons of fuel from the Pasadena Elementary School into his oil truck, and (2) that on April 5, 1984, he was "caught ... attempting to take fuel oil" from the Jacobsville Elementary School but that, when the oil tanks at the school were checked, it was "found that none was missing." Unfortunately, in acting upon the application, the Commissioner was a bit careless in a number of respects, most importantly in regard to the averment that "none was missing." The Statement of Charges prepared and signed by her stated that appellant, *sub nom* Ronald Dean Mitchell:

1. "[On or about] 02–28–84 [at] Pasadena Elementa[ry] & Jacobsville School AA Co Anne Arundel County, State of Md. Did steal Gasoline, from Anne Arundel Co. School,s [*sic*] The property Anne Arundel Co. School,s, [*sic*] having a value of over $300.00" in violation of Md.Code Ann. art. 27, § 342

and

2. "[On or about] 04–05–84 [at] Pasadena & Jacobsville Ele,School,s [*sic*] AA Co Anne Arundel County, State of Md. Did attempt to steal Gasoline, from Anne Arundel Co School,s [*sic*] the property of Anne Arundel Co, School,s [*sic*] *having a value of none"* in violation of Maryland common law. (Emphasis added.)

On June 5, 1984, appellant appeared in the District Court and prayed a jury trial, whereupon the case was transferred to the Circuit Court for Anne Arundel County. Eighteen months later, it was called for trial. As a first order of business, the prosecutor moved to amend the charging document in three respects, none of which, he argued, were "truly amendments of substance." First, he asked to

amend the allegation of appellant's name from Ronald Dean Mitchell to Sylvester Felix Stackowitz, the latter being appellant's legal name, the former being an alias. Second, as to both charges, he moved to substitute the word "oil" for "Gasoline." Third, he moved to delete from the second charge (Count II) the words "having a value of none," contending that the phrase was "a mistake by the District Court Commissioner" and that "there was a genuine attempt to steal gasoline of some value." He acknowledged that "[i]f it were truly a value of none, obviously there would be no offense."

Appellant had no objection to the name change; he did, however, object to the other two amendments, especially the third. Indeed, he asked that Count II be dismissed on the ground that it failed to charge a crime. After extended discussion, the court allowed all three amendments, and so appellant stood trial on both charges. He was acquitted of the first but convicted of and sentenced for the second. We therefore have this appeal, in which four issues are raised. We shall deal only with one of them, for it is dispositive. The court erred in striking from Count II of the Statement of Charges the offending language "having a value of none."

The parties agree that the crime purportedly charged in Count II is attempted theft. Criminal attempt is a common law misdemeanor which consists of "1) a specific intent to do criminal act and 2) some act in furtherance of that intent going beyond mere preparation." *Gray v. State*, 43 Md. App. 238, 239, 403 A.2d 853, *cert. denied* 286 Md. 747 (1979). *See also Young v. State*, 303 Md. 298, 493 A.2d 352 (1985). As pointed out in W. LaFave & A. Scott, *Handbook on Criminal Law*, § 59 at 429 (1972), quoted in *Young v. State, supra*, 303 Md. at 306 n.5, 493 A.2d 352:

> "[T]he crime of attempt does not exist in the abstract, but rather exists only in relation to other offenses; a defendant must be charged with an attempt to commit a specifically designated crime, and it is to that crime one must look in identifying the kind of intent required. For exam-

ple, if the charge is attempted theft and theft is defined as requiring an intent to permanently deprive the owner of his property, then that same intent must be established to prove the attempt." (Footnotes omitted.)

The crime of theft is now a statutory one in Maryland. It is defined in Md.Code Ann. art. 27, § 342 and embraces five kinds of conduct—obtaining or exerting unauthorized control over "property of the owner," obtaining control over such property by deception, possessing stolen personal "property" knowing or believing the property was stolen, obtaining control over lost, mislaid, or mistakenly delivered "property" under certain circumstances, and obtaining "services" by deception. With the exception of the last of those categories—obtaining services—which is not at all relevant here, the crime rests upon the obtention, control, or possession of "property." The term "property," as used in § 342, is a defined one. Section 340(h) defines it as "anything of value" and gives a number of examples, all of which have, as a common element, some inherent value.

■ It thus follows, at least as a matter of statutory construction if not in a more fundamental jurisprudential sense, that a person cannot be convicted of the crime of theft for taking or assuming control over something that has no value whatever. And, given the nature of the crime of attempt, if stealing something that has no value is not a crime, it further follows that attempting to steal something that has no value is likewise not a crime.

We are spared in this case the need to ponder the abstraction of whether there can, in law or in fact, actually be anything of tangible existence that really has no value. We leave that to the economists or to another court. For here we are dealing not with the proof, but with the charge; and the charge stated that what appellant attempted to steal indeed had "a value of none," which we interpret to mean that it had no value.

Relying on language from *Proctor v. State*, 49 Md.App. 696, 435 A.2d 484 (1981), the State argues that, under the

theft statute, the value of the property at issue is relevant only in terms of sentencing, and that as value "is not an essential element of the crime of theft, it does not have to be included in the charging document." The State misreads *Proctor*.

*Proctor* involved a joint trial of Robert and Ronald Proctor who, along with others, broke into a home and stole several guns. A witness testified that the guns were worth about $2,500, although apparently that evidence was admitted only against Ronald. There was no evidence as to the value of the guns in terms of Robert, who seized on that omission in challenging the sufficiency of evidence in support of his conviction of theft. In that context, we said, at 704:

"Unlike the previous larceny statutes, ... the newly enacted § 342 does not include among its elements a showing of value. The issue of value becomes relevant only with respect to the imposition of a penalty, in that, where the stolen items have been shown to have a value in excess of $300 the offense will be deemed a felony and the sentence imposed will be greater as opposed to where the worth is found to be less than $300 and the offense is viewed as a misdemeanor. See, § 342(f). Thus, it appears that a defendant can be found guilty of theft without any showing of the value of the stolen property. However, where no evidence of the value of the goods has been adduced, the items must be deemed to have a worth less than $300 and as such, the defendant will be sentenced accordingly under the misdemeanor provisions of § 342(f)(2)."

There is a significant difference between a showing that property having some intrinsic value was taken, although the precise measurement of that value is not established, and an affirmative charge that what was taken or intended to be taken was, in fact, valueless. The *amount* of value, as we said in *Proctor*, is not an element of the crime but is relevant only to sentencing. That there is *some* value, however, *is* an element of the crime, for, if the item at issue

has no value whatever, it is not "property" under the statute. The difference between zero and something, in other words, is of a quite different character than that between something and something more. As pointed out in *Williams v. State*, 302 Md. 787, 791–92, 490 A.2d 1277 (1985):

> "It is fundamental that a court is without power to render a verdict or impose a sentence under a charging document which does not charge an offense within its jurisdiction prescribed by common law or by statute.... Manifestly, where no cognizable crime is charged, the court lacks fundamental subject matter jurisdiction to render a judgment of conviction, i.e., it is powerless in such circumstances to inquire into the facts, to apply the law, and to declare the punishment for an offense." (Citations omitted.)

What we have, then, is a case in which, through an apparent mistake on the part of the Commissioner—a careless transformation of the charge that no oil was missing—Count II of the Statement of Charges failed to state a criminal offense and therefore failed to invoke, as to that charge, the court's subject matter jurisdiction. That is a deficiency, we think, that cannot be corrected by simple amendment over appellant's objection.

Amendments to charging documents are governed by Md.Rule 4–204, which provides:

> "On motion of a party or on its own initiative, the court at any time before verdict may permit a charging document to be amended *except that if the amendment changes the character of the offense charged, the consent of the parties is required.* If amendment of a charging document reasonably so requires, the court shall grant the defendant an extension of time or continuance." (Emphasis added.)

The amendment sought here served to charge an offense when none was charged before, and that, we think, suffices

to change "the character of the offense charged." The court erred in permitting it over appellant's objection.

JUDGMENT REVERSED; ANNE ARUNDEL COUNTY TO PAY THE COSTS.